# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00451-CR

**Arthur Glenn Robinson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
### NO. 2C01-06739, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Arthur Glenn Robinson guilty of prostitution, for which the court assessed punishment at incarceration for three days and a $500 fine. Tex. Pen. Code Ann. ' 43.02 (West Supp. 2003). In two points of error, he contends the court erred by overruling motions for mistrial occasioned by the State=s improper jury argument. We will overrule these points and affirm.

Robinson and a companion were videotaped agreeing to engage in sexual conduct with two undercover police officers for a fee. During argument, the prosecutor reminded the jurors of testimony that the police had received numerous complaints about prostitution in the area in which the undercover operation was conducted. He then said, ASo we know where they=re at. Why was he [Robinson] there? You have to understand. He knew it was a known area. That=s the reason he was there.@ An objection

that the prosecutor was arguing outside the record was sustained and the jury was instructed to disregard the comment. A motion for mistrial was overruled.

The prosecutor later argued, A[The first undercover officer] was sitting right thereCwas standing right next to him. Who else was he going to have itCwho else was he going to have sex with because [Robinson=s companion] has testified that he was going to have sex with theC.@ In fact, the companion did not testify (although he could be heard on the videotape), and an objection that the argument was outside the record was sustained. Once again, the jury was instructed to disregard and a motion for mistrial was overruled.

Generally, an instruction to disregard will cure error in jury argument. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App. 1995). Neither statement by the prosecutor in this cause was so extreme or manifestly improper as to render futile the court=s instruction to disregard.[1] *See Hernandez v. State*, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991). The district court did not err by overruling the motions for mistrial. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999) (mistrial appropriate when error has occurred that is so prejudicial that it is impossible to continue trial). The points of error are overruled.

---

[1] The State argues that the prosecutor=s first comment was a reasonable inference from the evidence and that the second was an obvious reference to the companion=s statements heard on the videotape.

The judgment of conviction is affirmed.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed:   February 21, 2003

Do Not Publish